113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ronald O. KINDSCHI, Debtor
FUTURESOFT SYNERGIES, INC., Plaintiff-Appellee,
v.
Ronald O. KINDSCHI, Defendant-Appellant.
 No. 93-56237.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided May 1, 1997.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and ILLSTON, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Ronald O. Kindschi, the debtor in this bankruptcy proceeding, challenges a ruling below that a debt for $3.5 million in favor of Futuresoft Synergies, Inc. is nondischargeable. The $3.5 million debt is the result of a judgment entered by the United States District Court for the District of Virginia against Kindschi in favor of Futuresoft in litigation arising out of a contract dispute between Kindschi and Futuresoft.
 
 
 4
 In 1984, Kindschi, a financial and investment advisor, and Futuresoft, a venture capital investment company that purchased large blocks of stock in start-up software companies and provided the companies with management advice, entered into a firm commitment underwriting agreement pursuant to which Kindschi was obligated to either sell or himself buy 35% of Futuresoft's stock for approximately $3.5 million.
 
 
 5
 The Virginia judgment for damages was based upon both contract and tort theories. The Virginia district court found that Kindschi not only breached the underwriting agreement, he breached it in bad faith. Specifically, the court found that the breach was motivated in part by Kindschi's desire to seize control of Ganesa Group International, Inc., a promising software company in which Futuresoft owned a 50% interest:
 
 
 6
 The court finds that because he could not sell his own investors as quickly as planned coupled with his own inability to buy the [Futuresoft] stock, and his desire to gain for himself an equity interest in Ganesa, after [Futuresoft] was in financial distress, were the motivating factors behind his actions. This is bad faith.
 
 
 7
 Memorandum Opinion of Virginia District Court, at 24-25. The Virginia district court also made a finding that Kindschi denied the existence of the Futuresoft contract without probable cause and with no belief in the existence of a defense. Id. at 24.
 
 
 8
 In the bankruptcy court's view, the finding that Kindschi breached the underwriting agreement in bad faith made the $3.5 million judgment debt nondischargeable because the finding established that Kindschi's breach was "willful and malicious" within the meaning of 11 U.S.C. § 523(a)(6).[1] The district court affirmed the bankruptcy court, and we, in turn, affirm the district court.
 
 
 9
 * To prove a "willful and malicious" injury within the meaning of § 523(a)(6), a creditor must show that (1) the debtor committed a wrongful act, (2) the act was intentional, (3) the act necessarily produced harm, (4) the debtor had actual knowledge, or it was reasonably foreseeable to him, that his conduct would result in injury to the creditor, and (5) the debtor acted without just cause or excuse. In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986).
 
 
 10
 The bankruptcy court accepted the Virginia district court's findings of bad faith as a basis for its decision that Kindschi's debt to Futuresoft was nondischargeable. Tr. of Proceedings, July 14, 1992, at 3-4 ("It's useless and improper to argue here that there shouldn't have been a judgment--a judgment for breach of the implied covenant of good faith and fair dealing. We have one. I'm not called upon to determine whether the District Court was right or wrong in rendering that judgment, because that judgment is res judicata."). This left the bankruptcy court with the "fairly simple, mechanical task," id. at 4, of deciding whether Kindschi's bad faith breach, as found by the Virginia district court, satisfied Cecchini. The bankruptcy court concluded it did:
 
 
 11
 Cecchini has five elements, wrongful act, done intentionally, act produces harm, debtor actually knew or reasonable could foresee that the conduct would injure, and the act was done without just cause or excuse. Here, we have all of those.
 
 
 12
 We have a judgment for a wrongful act. The act was done intentionally. The act produced $3 1/2 million harm, as adjusted by the Fourth Circuit. The act was done without just cause or excuse. The District Court specifically found it was done in bad faith, and the--both the District Court opinion and the Court of Appeals opinion say that there were no unanticipated damages, so the damages were foreseeable.
 
 
 13
 Id. at 39. In making this determination, the bankruptcy court considered Kindschi's bad faith both as it related to his breach of the implied covenant of good faith and fair dealing and as it related to his denial of the Futuresoft agreement. Tr. of Proceedings, July 14, 1992, at 38-39. In the bankruptcy court's view, both torts were "really rolled into one" in the Virginia district court judgment. Id. at 6.
 
 
 14
 The district court agreed with the bankruptcy court that Kindschi's judgment debt to Futuresoft was nondischargeable. As the district court put it,
 
 
 15
 First, Kindschi's "stonewall" position, coupled with his decision to purposely stall the FutureSoft stock purchase for the purchase of gaining for himself an economic advantage, qualifies as a wrongful act....
 
 
 16
 Second, Kindschi's actions were intentional. Examination of the facts corroborates the Virginia Courts' finding that Kindschi's conduct was done for the express purpose of capturing for himself Ganesa as a business opportunity.
 
 
 17
 Third, clearly Kindschi's actions were harmful to FutureSoft. Not only was FutureSoft destroyed as a result of Kindschi's conduct, but the court found the injury egregious enough to award damages in the amount of $3.5 million dollars, plus prejudgment interest.
 
 
 18
 Fourth, Kindschi knew or should have known that his actions would cause injury to FutureSoft.... Indeed the finding of bad faith by the Virginia Court could only be supported by a determination that the harm was foreseeable....
 
 
 19
 Lastly, the Court is persuaded by the conclusion of the bankruptcy court that Kindschi's wrongful conduct was without probable cause and with no belief in the existence of a defense. This finding is as the Virginia Court noted, supported by the fact that Kindschi made no attempt to sell FutureSoft stock, despite his assurances to the contrary, and that he attempted to usurp Ganesa for his own business profit.
 
 
 20
 Order Affirming Bankruptcy Court's Grant of Summary Judgment at 9-11.
 
 
 21
 Kindschi argues that we should not give preclusive effect to the Virginia district court findings because Kindschi's bad faith breach of contract did not give rise to liability in tort as a matter of California law. In other words, he asks us to review the Virginia judgment, as affirmed by the Fourth Circuit, to decide whether the judgment rests on a misapplication of California law. As the bankruptcy court put it, however, it is not for us "to determine whether the [Virginia] District Court was right or wrong in rendering that judgment, because that judgment is res judicata." Tr. of Proceedings, July 14, 1992, at 3-4. We agree with the bankruptcy court's reasoning and reject Kindschi's argument that the Virginia district court findings of bad faith breach are not entitled to preclusive effect.
 
 
 22
 Based upon his contention that his conduct in breaching the contract did not give rise to a tort cause of action under California law, Kindschi also makes the argument that conduct cannot qualify as "willful and malicious" within the meaning of § 523(a)(6) unless it is also tortious under applicable law. Appellant's Br. at 12-15 (citing In re Riso, 978 F.2d 1151, 1154 (9th Cir.1992) ("An intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful tortious conduct.")). In making this argument, Kindschi is once again saying that we should not give preclusive effect to the Virginia judgment. Again, we disagree. The judgment is based in part on the district court's decision that Kindschi's bad faith breach was tortious under California law, and Kindschi is stuck with that judgment.
 
 II
 
 23
 Kindschi also challenges the finding that his tortious conduct proximately caused $3.5 million in damages. He argues that we should not give preclusive effect to this finding because it was "nonessential" to the Virginia judgment. Appellant's Br. at 29-32 (citing Halpern v. Schwartz, 426 F.2d 102, 104-06 (2d Cir.1970) ("It is well established that although an issue was fully litigated and a finding on the issue was made in the prior litigation, the prior judgment will not foreclose reconsideration of the same issue if that issue was not necessary to the rendering of the prior judgment, and hence was incidental, collateral, or immaterial to that judgment.")).
 
 
 24
 We do not agree that the finding of tort damages was nonessential to the judgment. Notwithstanding the fact that the court settled on an identical measure of damages for the breach of contract and tort claims, the court considered each claim independently, and concluded that damages in the amount of $3.5 million were warranted for each. The Fourth Circuit reviewed the court's reasoning in this regard, and affirmed.
 
 
 25
 For the foregoing reasons, the summary judgment in favor of Futuresoft is AFFIRMED.
 
 
 
 *
 Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 523(a)(6) provides, in relevant part:
 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity....
 11 U.S.C. § 523(a)(6) (1994).