131 F.3d 148
 2 Cal. Bankr. Ct. Rep. 46
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Carl L. SCHUDDE; Sylvia Schudde, Debtors.
Beth VERNELL, Appellant,
v.
Carl L. SCHUDDE; Sylvia Schudde, Appellees.
 Nos. 96-16935, EC-95-2042.
 United States Court of Appeals,
 Ninth Circuit.
Nov. 25, 1997.
 
 1
 Before GOODWIN, FLETCHER and RYMER, JJ.
 
 
 2
 Beth Vernell ("Vernell") appeals a decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming a bankruptcy court's discharge of the debtors, Carl and Sylvia Schudde ("Schuddes"). She opposed discharge claiming that the debtors made false representations and willfully and maliciously injured her property. She also claims that the bankruptcy court denied her due process by unduly delaying the bankruptcy court proceedings.
 
 
 3
 We review de novo all decisions of the BAP. In re Johnston, 21 F.3d 323, 326 (9th Cir.1994). "This is so because both the BAP and the court of appeals apply the same standard of review to the underlying judgment of the bankruptcy court." Id. (citing In re Windmill Farms, Inc., 841 F.2d 1467, 1469 (9th Cir.1988)). Thus we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Id. We review de novo the BAP's conclusion that the bankruptcy court did not violate Vernell's due process rights. Since one of the fundamental policies of the Bankruptcy code is to afford debtors a fresh start, "exceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor." In re Riso, 978 F.2d 1151, 1154 (9th Cir.1992) (citations omitted). Vernell's counsel presented an earnest and eloquent argument describing the losses that she had suffered, but the standard of review that we must apply constrains the relief that we can afford a creditor. We accordingly AFFIRM.
 
 I.
 
 4
 Vernell's first claim is that the debtors made false representations that preclude their discharge. Under § 523(a)(2)(A), debts obtained through fraud or false representation are excepted from discharge. 28 U.S.C. § 523(a)(2)(A); In re Britton, 950 F.2d 602, 603 (9th Cir.1991). To obtain § 523(a)(2)(A) relief, the creditor must prove by a preponderance of the evidence that:
 
 
 5
 (1) the debtor made the representations;
 
 
 6
 (2) that at the time he knew they were false;
 
 
 7
 (3) that he made them with the intention and purpose of deceiving the creditor;
 
 
 8
 (4) that the creditor relied on such representations;
 
 
 9
 (5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.
 
 
 10
 In re Britton, 950 F.2d at 604 (citing In re Houtman, 568 F.2d 651, 655 (9th Cir.1978).
 
 
 11
 Vernell's claim rests primarily on alleged omissions by the Schuddes. Silence or omissions regarding a material fact can constitute a false representation under § 523(a)(2)(A) when there is a duty to disclose. In re Eashai, 87 F.3d 1082, 1089 (9th Cir.1996) (finding a debtor liable for failing to disclose his intent not to pay his credit card debt). Vernell alleged that a number of omissions and misrepresentations occurred in the negotiations between her real estate agent, Joanne Knox, and the Schuddes and their real estate agent, Neva Diehl. Specifically, the alleged misrepresentations by the Schuddes concerned: withholding information concerning a prior foreclosure on property of the Schuddes, Mr. Schudde's losing his job, and the whereabouts of the Schuddes; former residence; understating problems of their credit record; misrepresenting their ability to get a loan and the number of children that they had. The little evidence that we found in the record supporting these allegations of omissions and misrepresentations was either controverted or dependent on the credibility of witnesses. Therefore, we are unable to conclude that the bankruptcy court was clearly erroneous in finding that the Schuddes had not made false representations. Moreover, we are unable to conclude that the bankruptcy court erred in not inferring an intent to deceive on the part of the Schuddes. Vernell's evidence in this regard dealt primarily with events that occurred after the lease had been signed and so provides ambiguous evidence at best of the Schuddes' intentions at the time they entered into the contract. As a result, we cannot conclude that the bankruptcy court was clearly erroneous in denying Vernell's false representation claim.
 
 II.
 
 12
 Vernell's second claim is that the Schuddes' debt was nondischargeable under 11 U.S.C. § 523(a)(6) because of their "willful and malicious injury" of Vernell's property. Under § 523(a)(6), a debt is not discharged if the creditor proves by a preponderance of the evidence that the injury claimed was done willfully and maliciously. In re Britton, 950 F.2d at 605. Applying this provision, the Ninth Circuit has stated: "When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful or malicious' even absent proof of a specific intent to injure." Id. (citing In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986)).
 
 
 13
 The bankruptcy court denied Vernell's claim of willful and malicious injury. Specifically, it found that (1) as to the items of the Schuddes' property left in the house and yard, Vernell did not demand that the Schuddes remove the property and prevented removal after the Schuddes had vacated by using the law enforcement department; (2) there was no wrongful action shown; (3) the act of leaving the personal property was with excuse and justification; and (4) the damage to real property was either wear and tear or an Act of God. Since each of these conclusions is in dispute within the factual record, we are unable to conclude that the bankruptcy court was clearly erroneous in its findings.
 
 III.
 
 14
 Vernell's final claim is that a four month delay between the presentation of her case and the presentation of the Schuddes' case to the bankruptcy judge violated due process and unduly prejudiced her claim. Due process is a flexible concept that "calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319 334, (1976) (citing Morissey v. Brewer, 408 U.S. 471, 481 (1972)). In evaluating a procedural due process claim, we look at (1) the private interest affected; (2) the risk of erroneous deprivation of that interest from the procedures used; and (3) the Government's interest, including fiscal and administrative concerns. Id. at 335. Since a holding of a violation of due process is a conclusion of law, we review the bankruptcy court de novo. In re Victoria Station, Inc., 875 F.2d 1380, 1382 (9th Cir.1989).
 
 
 15
 Aside from pointing to an incident where the bankruptcy judge forgot and misstated the facts, Vernell provided no other evidence of prejudice. She did not allege that memories of any of the witnesses had faded or that any witness became unavailable because of the delay. The BAP dismissed the due process claim noting that the bankruptcy judge properly refreshed his knowledge of the case from the record and that the parties failed to object to the delay at the time of the hearing. We agree. The four month delay was unexceptional and the bankruptcy court's subsequent review of the record was sufficient to prevent unfairness from a faulty recollection.
 
 
 16
 The decision of the BAP is AFFIRMED.