

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAY CAI,<br><br>              Appellant - Petitioner,<br>  v.<br><br>SHENZHEN SMART-IN INDUSTRY<br>COMPANY, LTD.; et al.,<br><br>              Appellees - Respondents. | No. 12-56656<br><br>D.C. No. 2:08-bk-31525-BR<br><br>MEMORANDUM* |
| In re: RAY CAI and PEILIN HU,<br><br>              Debtors,<br><br>RAY CAI,<br><br>              Appellant,<br>  v.<br><br>SHENZHEN SMART-IN INDUSTRY<br>COMPANY, LTD.; et al.,<br><br>              Appellees. | No. 12-60037<br><br>BAP No. 11-1465 |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Kirscher, and Pappas, Bankruptcy Judges, Presiding

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 11, 2014
Pasadena, California

Before: N.R. SMITH and MURGUIA, Circuit Judges, and MCNAMEE, Senior District Judge.[**]

Cai appeals the bankruptcy court's determination (affirmed by the Bankruptcy Appellate Panel) that the claims of Shenzhen Smart-In Co., Ltd., Huidong Wanda Industry Co., Ltd., Huizhou Wanda Shoes Co., Ltd., and Yi Dan Shan Industry Co., Ltd. (collectively "Creditors") are excepted from discharge under 11 U.S.C. § 523(a)(2)(A). He also directly appeals the bankruptcy court's subsequent dollar amount determinations of these claims.

"We review *de novo* all decisions of bankruptcy appellate panels in cases brought before us pursuant to 28 U.S.C. § 158(d)." *Steelcase Inc. v. Johnston (In re Johnston)*, 21 F.3d 323, 326 (9th Cir. 1994). We review "the bankruptcy court's findings of fact under the clearly erroneous standard and . . . its conclusions of law *de novo*." *Id.* Our review also contemplates the "fresh start policy": "exceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor." *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992).

I.

---

[**] The Honorable Stephen M. McNamee, Senior U.S. District Judge for the for the District of Arizona, sitting by designation.

A debtor is not discharged in bankruptcy from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To prevail "on any claim arising under § 523(a)(2)(A)," a "creditor must demonstrate by a preponderance of the evidence" the following five factors:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). On appeal, Cai only contests the presence of the first, third and fourth factors.[1] *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief.").

## A. Misrepresentation

---

[1]Further, Cai only challenges one of the two fraudulent representations the bankruptcy court found that he made: he claims his statements that he intended to repay the obligations were not misrepresentations, because he did intend to repay.

A failure to "disclose to [a] creditor [one's] intent not to pay" may constitute a false representation under § 523(a)(2)(A). *Citibank (S.D.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1088 (9th Cir. 1996). This determination presents a question of fact. *See Moore v. Jogert, Inc. (In re Jogert, Inc.)*, 950 F.2d 1498, 1504-05 (9th Cir. 1991).

The bankruptcy court did not clearly err when, after hearing testimonial evidence and argument, it concluded that Cai lacked intent to repay (and thus his statements asserting an intent to repay were misrepresentations). It found him not credible and disbelieved his excuses for failing to repay the obligations. As a sophisticated businessman, Cai would not have accepted non-conforming goods or goods that were shipped late out of goodwill. These findings are plausible in light of the record. Further, a trial court's credibility determinations deserve "special deference." *Husain v. Olympic Airways*, 316 F.3d 829, 840 (9th Cir. 2002).

## B. Intent to Deceive

Whether a debtor possessed intent to deceive under § 523(a)(2)(A) is a question of fact that "can be inferred from surrounding circumstances." *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997). For the same reasons the bankruptcy court did not clearly err in concluding that Cai

misrepresented his intent to repay, it did not clearly err in finding that Cai intended to deceive the Creditors.

## C. Justifiable Reliance

Whether one's reliance was justifiable "is a matter of the qualities and characteristics of the particular [person], and the circumstances of the particular case." *Field v. Mans*, 516 U.S. 59, 71 (1995). Yet, reliance is not justifiable where "a person of normal intelligence, experience and education [puts] faith in representations which any such normal person would recognize at once as preposterous." *Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454, 1458 (9th Cir. 1992) (per curiam) (internal quotation marks and alterations omitted). Finally, justifiable reliance is a question of fact. *Id.* at 1456.

The bankruptcy court did not clearly err when it found the Creditors actually and justifiably relied on Cai's misrepresentations, notwithstanding Cai's failure to pay for multiple past shoe orders. Cai had established a history of making timely payments with each Creditor prior to his defaults.

## II.

The bankruptcy court rightly concluded that Cai's statement that he intended to pay for the orders was a sufficient misrepresentation by itself to support a

finding of exception from discharge under § 523(a)(2)(A). *See In re Eashai*, 87 F.3d at 1087. Thus, it's irrelevant whether Cai's statement that he had funds to pay for the shoes was a statement of financial condition per 11 U.S.C. § 523(a)(2)(A).

### III.

Finally, the bankruptcy court had authority to enter a "dollar amount" judgment of nondischargeability. *Stern v. Marshall*, 131 S. Ct. 2594 (2011), does not raise any constitutional concerns about the bankruptcy court's adjudication in this case, because *Stern* implicitly recognized that bankruptcy courts do have authority to adjudicate a state law counterclaim if the counterclaim would necessarily be decided through the claims allowance process. *Stern*, 131 S. Ct. at 2618. Determining the scope of the debtor's discharge is a fundamental part of the bankruptcy process, and determining whether a claim against a creditor is discharged under § 523(a)(2)(A) does not raise any issues of state law. *Cf. Field*, 516 U.S. at 69.

**AFFIRMED**.