WIGGINS, Circuit Judge:
 

 Gary Snoke appeals from the bankruptcy appellate panel (“BAP”) decision that affirmed the bankruptcy court’s grant of summary judgment in favor of Mark and Shelly Riso. Both the BAP and the bankruptcy court held that breach of the con
 
 *1153
 
 tractual right of first refusal was not the sort of willful property damage that is excepted from discharge under 11 U.S.C. § 523(a)(6). We affirm.
 

 BACKGROUND
 

 In 1982, Gary Snoke sold an apartment building to Eileen Walsh. In return Walsh gave Snoke a security agreement (a note secured by a deed of trust) that included a right of first refusal on resale. After consulting with Snoke, Walsh sold the building to Mark and Shelly Riso in 1984. As part of the transaction, the Risos signed a security agreement (again, a note secured by a trust deed) that gave Walsh a right of first refusal. However, Walsh was required to allow credit worthy new buyers to assume the obligation. Walsh later assigned the security agreement to Snoke.
 

 The Risos violated the security agreement in 1985 by selling the building to Darrell Mitchell without telling Snoke or allowing him his right of first refusal. The Risos and Mitchell concealed this sale from Snoke by continuing to make payments to Snoke through the Risos and by prohibiting the escrow holder from ordering a beneficiary statement from Snoke. In February 1989, Snoke learned that the property had been sold in violation of the security agreement when he did not receive his monthly payment as required by the security agreement. After discussions with the Risos and Mitchell failed, Snoke commenced a state court action against them in March 1989. The suit alleged a violation of the right of first refusal and sought damages and foreclosure.
 

 On March 14th, 1989, Mitchell’s attorney sent Snoke a check for the delinquent February note payment, along with a cashier’s check for the March payment. No further payments were made in 1989. The note came fully due on April 11, 1989. Mitchell paid Snoke the principal amount owing on the note, including interest, in early 1990.
 

 Snoke’s claim against the Risos is that had he been notified of the pending sale in December, 1985, he would have exercised his right and purchased the property at a price that would have been at least $300,-000 less than the property’s current value. He also claims that had he exercised his right to accelerate the loan, instead of his right of first refusal, he would have received the balance on the note in 1985, prior to changes in the capital gains tax laws that occurred in 1986. Snoke alleges that he could have saved in excess of $65,-000 in taxes.
 

 On June 2, 1989, the Risos filed bankruptcy. Snoke then commenced an adversary proceeding against the Risos alleging that any liability for violation of the security agreement was a nondischargeable debt under § 523(a)(6) because the Risos willfully and maliciously injured his property. The bankruptcy court awarded summary judgment to the Risos, holding that breach of the contractual right of first refusal was not the sort of willful property damage that is excepted from discharge under § 523(a)(6). The BAP reached the same conclusion and affirmed.
 

 JURISDICTION AND STANDARD OF REVIEW
 

 We have jurisdiction over appeals from the BAP under 28 U.S.C. § 158(d). This case turns on a single issue of law. This court reviews the BAP’s conclusions of law
 
 de novo. In re Dewalt,
 
 961 F.2d 848, 850 (9th Cir.1992);
 
 In re Taylor,
 
 884 F.2d 478, 480 (9th Cir.1989).
 

 DISCUSSION
 

 The issue in this case is whether a right of first refusal is “property” under § 523(a)(6).
 
 [1]
 
 We conclude that the limited right of first refusal in this case is merely a contract right, not a property interest. The policies of the Bankruptcy Code dictate that this limited right of first refusal, as with other contract rights, is not a protect
 
 *1154
 
 ed interest in property that is excepted from discharge.
 

 One of the fundamental policies of the Bankruptcy Code is the fresh start afforded debtors through the discharge of their debts.
 
 In re Devers,
 
 759 F.2d 751, 754-55 (9th Cir.1985). In order to effectuate the fresh start policy, exceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor.
 
 In re Klapp,
 
 706 F.2d 998, 999 (9th Cir.1983).
 

 It is well settled that a simple breach of contract is not the type of injury addressed by § 523(a)(6).
 
 See Barbachano v. Allen,
 
 192 F.2d 836, 838 (9th Cir.1951);
 
 In re Akridge,
 
 71 B.R. 151, 154 (Bankr.S.D.Cal.1987) (debts that are excepted from discharge under § 523(a)(6) relate solely to tortious liabilities, not debts stemming from breach of contract). An intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful tortious conduct.
 
 In re Moultrie,
 
 51 B.R. 368, 373 (Bankr.W.D.Wash.1985);
 
 In re Haynes,
 
 19 B.R. 849, 851 (Bankr.E.D.Mich.1982). Nothing in the record indicates that the Risos’ intentional breach of the right of first refusal was tortious in the context of this case.
 

 Snoke claims that his right of first refusal gave him a “cognizable security interest in the property sold to the Risos.” Appellant’s Opening Brief at 15. Snoke’s reliance on a Washington State Supreme Court decision,
 
 Chace v. Kelsall,
 
 72 Wash.2d 984, 435 P.2d 643 (1967), that interpreted former 11 U.S.C. § 35(a)(6), the Bankruptcy Act’s equivalent of § 523(a)(6), is misplaced. The Washington Supreme Court held that a surreptitious sale of a patent interest, in violation of a first option to purchase agreement, was a willful and malicious injury to property under § 35(a)(6).
 
 Chace,
 
 435 P.2d at 647. That holding is not binding authority in this action.
 

 Snoke is correct that injury to property includes the conversion of property subject to a creditor’s security interest.
 
 In re Posta,
 
 866 F.2d 364, 367 (10th Cir.1989). Snoke’s right of first refusal, however, is not a security interest.
 
 See In re Coordinated Fin. Planning Corp.,
 
 65 B.R. 711, 714 (Bankr.9th Cir.1986). The restriction on the use of the apartment building by Snoke’s right of first refusal is not an obligation that is “secured” by the apartment building in the bankruptcy context.
 
 See id.
 
 (holding that a right of first refusal, executed as part of two “ownership agreements” and two “grant deeds,” did not create a security interest that was sufficient to protect it from rejection by a trustee under § 365 of the Bankruptcy Code). The Risos’ sale of the property breached their contract with Snoke; nothing in the record indicates that that sale, however, was a tortious violation of Snoke’s property interest in the apartment building. Summary judgment was appropriate.
 

 The decisions of the BAP and the bankruptcy court are AFFIRMED.
 

 [1]
 

 . Section 523(a)(6) states:
 

 A discharge ... does not discharge an individual debtor from any debt ... for willful and
 
 *1154
 
 malicious injury by the debtor to another entity or to the property of another entity;
 

 11 U.S.C.S. § 523(a)(6) (Law.Co-op.1986).