**In re George JERCICH, Debtor.**

**James A. Petralia, Appellant,**

**v.**

**George Jercich, Appellee.**

BAP No. NC–98–1724–PRyMe.

Bankruptcy No. 86–52611–ASW.

Adversary No. 86–0556.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 24, 1999.

Decided Jan. 7, 2000.

Thomas R. Duffy, Duffy & Guenther, Monterey, CA, for James A. Petralia.

George Jercich, San Jose, CA, pro se.

Before PERRIS, RYAN, and MEYERS, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Prior to bankruptcy, Appellee George Jercich ("Debtor") employed Appellant James A. Petralia ("Creditor") and failed to pay him all his wages. As a consequence, Creditor obtained a state court judgment against Debtor that determined, *inter alia,* that Debtor committed a tortious breach of the contractual covenant of good faith and fair dealing with respect to Creditor. This appeal raises the issue of whether a claim resulting from a breach of the implied contractual covenant of good faith and fair dealing, characterized by state law as tortious, can be a willful and malicious injury, thus making the claim potentially nondischargeable under § 523(a)(6).[1] We conclude that it cannot and AFFIRM the bankruptcy court's decision that the debt is not excepted from discharge under § 523(a)(6).

## FACTS

In 1984, Creditor prevailed in a suit against Debtor in California state court for unpaid wages, "waiting time" penalties pursuant to state statute,[2] interest and costs. In addition to compensatory damages, the state court awarded punitive damages for the tortious breach of the covenant of good faith and fair dealing implied as part of the parties' employment

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

2. Cal. Labor Code § 203 (West 1998) provides that "[i]f an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced...."

contract. Debtor appealed the state court judgment and the state appellate court affirmed.

After Debtor filed a chapter 7 bankruptcy, Creditor filed a complaint in the bankruptcy court alleging that his debt arose from a willful and malicious injury and was nondischargeable under § 523(a)(6). Creditor moved for summary judgment. The bankruptcy court denied Creditor's motion for summary judgment, and pursuant to the parties' agreement that judgment be entered for Debtor if the court denied Creditor's motion for summary judgment, found that the debt was dischargeable and entered judgment for Debtor. Creditor appeals.

## ISSUE

Whether an obligation for tortious breach of the implied contractual covenant of good faith and fair dealing is the type of debt that may be excepted from discharge under § 523(a)(6).

## STANDARD OF REVIEW

 Whether a particular type of debt is nondischargeable is a question of law. *In re Kirsh*, 973 F.2d 1454, 1456 (9th Cir.1992). This Panel reviews a bankruptcy court's conclusions of law *de novo*. *In re P.R.T.C., Inc.*, 177 F.3d 774, 782 (9th Cir. 1999).

## DISCUSSION

Section 523(a)(6) excepts from discharge a debt that results from "willful and malicious injury by the debtor to another entity or to property of another entity." The parties focused on two arguments before the bankruptcy court: (1) whether a debt arising from a breach of the implied contractual covenant of good faith and fair dealing can be nondischargeable under § 523(a)(6), because that section excepts from discharge debts arising from tort, not contract, and (2) whether the state court findings are sufficient to establish that Debtor acted with the intent to injure Creditor consistent with the United States

Supreme Court's decision in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

Although the bankruptcy court discussed both arguments at the hearing on Creditor's motion for summary judgment, it ultimately concluded that the state court findings did not establish that Debtor acted with the intent to injure Creditor. Because we conclude that a breach of the implied contractual covenant of good faith and fair dealing is not the type of tort that can give rise to a claim for nondischargeability under § 523(a)(6), and therefore that the bankruptcy court did not err in deciding that the debt is not excepted from discharge, we need not consider whether the state court findings are sufficient to establish that Debtor acted with the requisite intent.

 Historically, the exception from discharge for debts arising from willful and malicious injury has been applied to tort claims, not contract claims. *See, e.g., Barbachano v. Allen*, 192 F.2d 836, 838 (9th Cir.1951) (applying the exception from discharge for willful and malicious injury under the Bankruptcy Act of 1898). That continues to be the majority approach and is the rule followed in the Ninth Circuit. *In re Riso*, 978 F.2d 1151, 1154 (9th Cir. 1992); *In re Itule*, 114 B.R. 206, 211 n. 5 (9th Cir. BAP 1990). *See also* 4 Lawrence P. King, et. al., *Collier on Bankruptcy* ¶ 523.12 (15th ed. Rev.1998); 3 William L. Norton, *Norton Bankruptcy Law and Practice 2d* § 47:44 (Rev.1998). Torts have traditionally been defined as obligations giving rise to liability that are imposed by law apart from and independent of enforcement of promises made between parties to a contract. W. Page Keeton et al., *Prosser and Keeton on Torts* § 92, at 655–56 (5th ed.1984). In contrast, contract obligations are created to enforce promises to do or not to do something and are obligations "based on the manifested intention of the parties to a bargaining transaction." *Id.*

The problem in this case arises because the distinction between tort and contract liability is not always clear. In certain cases, a debtor's conduct may constitute both a breach of contract and a tort. The Ninth Circuit has made it clear that "[a]n intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful tortious conduct." *Riso*, 978 F.2d at 1154.

> [S]ection 523(a)(6) does not encompass a breach of contract claim unless the same act constitutes an intentional tort such as conversion.... Indeed, the Court of Appeals in *In re Geiger*, 113 F.3d 848 (8th Cir.1997) (en banc), *aff'd* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), rejected the broader definition of wilfulness, in part, because it would sweep breach of contract claims within the exception. *See id.* at 852 ("Indeed, we see no reason that a knowing breach of contract would not result in a judgment that would be exempt from discharge under this legal principle. Surely this proves too much.").

*In re Mitchell*, 227 B.R. 45, 52 (Bankr. S.D.N.Y.1998) (citations omitted).

We conclude that, where a debtor's conduct constitutes both a breach of contract and a tort, the debt resulting from that conduct does not fit within § 523(a)(6) unless the liability for the tort is independent of the liability on the contract. *See In re Krishnamurthy*, 209 B.R. 714, 720 (9th Cir. BAP 1997) *aff'd* 125 F.3d 858 (9th Cir.1997) (table) (affirming determination of nondischargeability under § 523(a)(6) where claim arose from torts independent of contract cause of action); *Itule*, 114 B.R. at 211 (affirming determination of nondischargeability under § 523(a)(6) where conduct giving rise to the claim was tortious apart from contractual duties); *Mitchell*,

227 B.R. at 52 (refusing to find a claim nondischargeable under § 523(a)(6) where the creditor failed to prove independent tortious conduct); *In re Thompson*, 166 B.R. 849, 853 (Bankr.N.D.Tex.1994) (citing *Riso* and suggesting that conduct must constitute an independent tort to give rise to a claim that the debt is nondischargeable under § 523(a)(6)). In other words, we adopt the traditional view of torts as liability imposed by law apart from and independent of enforcement of contractual promises.

A tort is independent if the conduct at issue would be tortious even if a contract between the parties did not exist. For example, in *Itule*, we affirmed the bankruptcy court's finding that a debt arising from conversion and trespass to chattels was nondischargeable under § 523(a)(6).[3] In *Itule*, the parties had a contractual relationship, but the debtor's conduct could have been tortious even if the contract between the parties did not exist. Likewise, the tort of fraud can exist outside of a contractual relationship. *See, e.g., Krishnamurthy*, 209 B.R. at 720.

Limiting the scope of § 523(a)(6) in this way will assure that ordinary breaches of contract, which are often willful, are not made nondischargeable by state laws that have sometimes extended tort liability beyond the traditional view. In our view, § 523(a)(6) was never intended to extend to claims that are in actuality claims for breach of contract, but which state law has denominated as torts.

"One of the fundamental policies of the Bankruptcy Code is the fresh start afforded debtors through the discharge of their debts." *Riso*, 978 F.2d at 1154. To effectuate this policy, exceptions to discharge are strictly construed against an objecting creditor and in favor of the

---

**3.** Conversion is defined as "an act or series of acts of willful interference, without lawful justification, with any chattel in a manner inconsistent with another's right, whereby that other person is deprived of the use and possession of the chattel." *Black's Law Dictio-*

*nary* 333 (7th ed.1999). Trespass to chattels is "[t]he act of committing, without lawful justification, any act of direct physical interference with a chattel possessed by another." *Id.* at 1509.

debtor. *In re Chang,* 163 F.3d 1138, 1140 (9th Cir.1998); *In re Cole,* 226 B.R. 647, 654 (9th Cir. BAP 1998). The goal of providing debtors with a fresh start would be significantly impaired if § 523(a)(6) applied to except from discharge claims arising from breach of contract. *See Geiger,* 523 U.S. at 62, 118 S.Ct. 974. Financially distressed debtors often lack sufficient resources to pay all of their creditors and routinely breach contracts because they do not have the financial resources to perform. Failure to pay, even if willful, does not give rise to the type of liability that is nondischargeable under § 523(a)(6).

4. Although, as a general rule, only contract damages are available when a party breaches the implied covenant of good faith and fair dealing, California law has recognized the existence of *tortious breach of the covenant* of good faith and fair dealing in certain circumstances. *See, e.g., Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141 (1979) (where an insurance company breaches the covenant of good faith and fair dealing, the "special relationship" between an insured and an insurer supports imposition of tort liability for breach of the implied covenant of good faith and fair dealing).

In reviewing the state court decision in favor of Creditor, the state appellate court expressly declined to decide whether a breach of the implied covenant of good faith and fair dealing could be tortious in the context of a claim for unpaid wages. *Petralia v. Jercich,* Super.Ct. No. 13101 (Cal.Ct.App. May 22, 1986). Nevertheless it affirmed the state trial court's award of punitive damages, which are available in tort actions, but not contract actions. The appellate court noted that the employment relationship between Debtor and Creditor resembled the "special relationship" between an insured and insurer. *Id.* The California Supreme Court later rejected this reasoning in *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 395 (1988).

In *Foley,* the California Supreme Court held that "the employment relationship is fundamentally contractual, and several factors combine to persuade us that in the absence of legislative direction to the contrary contractual remedies should remain the sole available relief for breaches of the implied covenant of good faith and fair dealing in the employment context." *Id.* at 398. Subsequently, the California Supreme Court held that *Foley* "shall

■■■■■■ The state trial court found that Debtor's conduct amounted to a tortious breach of the covenant of good faith and fair dealing implied as part of his employment contract with Creditor. Although the parties dispute whether such a claim is actually a tort,[4] we are bound by the California state court's characterization that the breach constituted a tort. However, this does not change the outcome here, because we hold for purposes of a claim under § 523(a)(6) that the tort must be independent of the contract.[5]

be given full retroactive effect as to all cases not yet final on January 30, 1989, the date that decision became final." · *Newman v. Emerson Radio Corp.,* 48 Cal.3d 973, 258 Cal. Rptr. 592, 772 P.2d 1059, 1072 (1989) (en banc).

In determining whether to give collateral estoppel effect to a state court judgment, " '[f]ederal courts must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which judgment was entered.' " *In re Younie,* 211 B.R. 367, 373 (9th Cir. BAP 1997) (citation omitted). Because the judgment of the state appellate court in this case was filed on May 22, 1986, *Foley* is not applicable and we are bound by the state court's determination that Debtor's breach of the implied covenant of good faith and fair dealing was tortious.

5. Creditor argues that because the state court found that Debtor committed a tort, we are prevented from examining the nature of the claim when determining whether it is excepted from discharge. We disagree. The federal courts have exclusive jurisdiction to determine dischargeability under § 523(a)(6). *See* § 523(c)(1). In making that determination, a bankruptcy court must go beyond the mere existence of a state court judgment and consider the nature of the debt. *See In re Comer,* 723 F.2d 737, 740 (9th Cir.1984). *See also In re Younie,* 211 B.R. 367, 373 (9th Cir. BAP 1997) (dischargeability of a debt under § 523(a)(2)(A) is a question of federal law that is governed by the Bankruptcy Code). For example, when determining whether the requisite fiduciary relationship exists under § 523(a)(4), which excepts from discharge debts for fraud or defalcation while acting in a fiduciary capacity, courts look to state law to determine if it creates a fiduciary duty, but then determine as a matter of federal law

■ The essence of Creditor's claim is that Debtor breached his contractual obligation to pay Creditor his wages. Because the implied contractual covenant of good faith and fair dealing, which is the basis of the state law tort, could not exist absent the parties' employment contract, Creditor's claim could not exist independent of Debtor's breach of his contractual obligation. We conclude that the claim, even though it was defined by state law as a tort claim, does not meet the requirements of § 523(a)(6) because it was, in substance, a claim arising from contract, not from an independent tort.

## CONCLUSION

The tort of breach of the implied contractual covenant of good faith and fair dealing cannot be the basis of a debt nondischargeable under § 523(a)(6) because it is not a claim arising from an independent tort. We AFFIRM.

"[w]hether a relationship is a fiduciary one within the meaning of § 523(a)(4)[.]" *See, e.g., In re Stanifer,* 236 B.R. 709, 714 (9th Cir. BAP 1999). Similarly here, the court must look to state law to determine whether the claim constitutes a tort. If it does not, then the debt is dischargeable. If it does, the court must then determine whether the tort exists independent of a contract. If it does not exist independent of a contract, it is not the type of tort that is nondischargeable under § 523(a)(6).