**In re Jack W. MANNIE, Jr. and Margaret S. Mannie, Debtors.**

**Antoinette Jorge, Plaintiff,**

v.

**Jack W. Mannie, Jr. and Margaret S. Mannie, Defendants.**

**Bankruptcy No. 00–42613 TK. Adversary No. 00–4288 AT.**

United States Bankruptcy Court, N.D. California.

Jan. 25, 2001.

Patrick L. Forte, Law Offices of Patrick L. Forte, Oakland, CA, for debtors.

John T. Kendall, Alameda, CA, trustee.

## AMENDED MEMORANDUM
## OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

In this adversary proceeding, plaintiff Antoinette Jorge ("Jorge"), a judgment creditor of the debtor Jack Mannie, Jr. ("Mannie"), seeks a declaration of nondischargeability with respect to her judgment debt pursuant to 11 U.S.C. § 523(a)(6).[1] In this motion, Jorge seeks summary judgment with respect to her claim of nondischargeability. Defendant Mannie has filed a cross-motion for summary judgment in his favor. For the reasons stated below, the Court will grant Jorge's motion and deny Mannie's cross-motion.

---

**1.** Margaret Mannie, Mannie's wife, a co-debtor in this bankruptcy case, was also named as a defendant in the adversary proceeding. Mrs. Mannie was not a party to the state court judgment. Jorge indicated in its response to Mannie's cross-motion for summary judgment that Mrs. Mannie had been named as a defen-

dant only to ensure that the Mannies' community property would be liable for any nondischargeable claim against Mannie and not to establish her personal liability. The Mannies do not appear to object to Mrs. Mannie being joined as a defendant for this limited purpose.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

On June 29, 1998, Jorge filed a complaint against Diamond Mechanical, Inc. ("Diamond") and Mannie, Diamond's sole shareholder, in state court. The complaint alleged two causes of action: (1) wrongful termination in violation of public policy and (2) breach of implied in fact contract. Both causes of action were based on Jorge's termination as Diamond's controller.

The action was set for trial, and a trial was conducted on June 10, 1999. Neither Diamond nor Mannie appeared. On July 2, 1999, the state court entered a judgment in favor of Jorge (the "Judgment"). The Judgment awarded Jorge compensatory and special damages against both Diamond and Mannie on both causes of action and punitive damages against Mannie alone on the wrongful termination cause of action.

On April 27, 2000, the Mannies filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code. Jorge was listed as a creditor. In due course, Jorge filed this adversary proceeding, seeking to have the judgment debt against Mannie based on the wrongful termination claim declared nondischargeable under 11 U.S.C. § 523(a)(6). Thereafter, as discussed above, Jorge filed a motion for summary judgment, and the Mannies filed a cross-motion for summary judgment.

## DISCUSSION

### A. LAW GOVERNING SUMMARY JUDGMENT MOTIONS

The legal principles to be applied in determining a motion for summary judgment or summary adjudication are well established and are not in dispute. A motion for summary judgment should be granted when it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment or to an adjudication of the claim or issue as a matter of law. See Fed.R.Civ.P. 56(c);

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

All evidence presented by the party opposing the motion must be believed, and all justifiable inferences from that evidence must be drawn in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Circumstantial evidence is sufficient to create a triable issue of fact. *Hopkins v. Andaya,* 958 F.2d 881, 888 (9th Cir.1992). Where conflicting inferences may be drawn regarding a person's state of mind, a triable issue of fact may exist. *Braxton–Secret v. A.H. Robins Co.,* 769 F.2d 528, 531 (9th Cir.1985).

### B. RES JUDICATA AND COLLATERAL ESTOPPEL AS APPLIED TO NONDISCHARGEABILITY ACTIONS

 It is well established that a federal court, including a bankruptcy court, is bound to give a state court judgment the same "full faith and credit" that a court of the same state would give the judgment. 28 U.S.C. § 1738; *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Edmonson v. The City of Martinez,* 2000 WL 1639492, \*3 (N.D.Cal.). Thus, the Judgment has the same preclusive effect in this adversary proceeding that it would have in a California state court. In California, a judgment may have either a res judicata and collateral estoppel effect on a subsequent action between the same parties. *Dunkin v. Boskey,* 82 Cal. App.4th 171, 180–181, 98 Cal.Rptr.2d 44 (2000).

 The doctrines of res judicata and collateral estoppel are similar but distinct. Res judicata, which is sometimes referred to as claims preclusion, precludes the same claim between the same parties from being tried a second time. For res judicata to apply, the following requirements must be met:

 1) The second action must involve the same claim that was involved in the prior action;

2) A final judgment must have been obtained in the first action;

3) Both actions must involve or have involved the same parties or their privies; and

4) The court that rendered the prior judgment must have had jurisdiction to do so.

*Blonder–Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323–324, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir.1993).

▬ Collateral estoppel, which is sometimes referred to as issue preclusion, on the other hand, precludes a second trial of an issue that was necessarily determined in the prior action between the same parties even if the claim that is asserted in the second action is different than that asserted in the first. *Younie v. Gonya*, 211 B.R. 367, 375 (9th Cir. BAP 1997), citing *In re Moore*, 186 B.R. 962, 971 (Bankr.N.D.Cal.1995). Under California law, the application of collateral estoppel requires that:

1) The issue sought to be precluded must be identical to the issue presented in the prior action;

2) The issue must have been actually litigated in the prior action;

3) The issue must have been decided in the prior action;

4) The judgment in the prior action must be a final judgment on the merits; and

5) The party against whom preclusion is sought must be the same party as in the prior action.

*Younie* at 373, citing *In re Kelly*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd* 100 F.3d 110 (9th Cir.1996).

▬ A related doctrine that limits a federal court's power to reexamine issues previously determined in state court is the Rooker–Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Rooker–Feldman doctrine provides that the only federal court that may review an issue previously determined by a state court in an action between the parties is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Audre, Inc. v. Casey*, 216 B.R. 19, 26 (9th Cir. BAP 1997), citing *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). The Rooker–Feldman doctrine applies even if the state court judgment is not final: i.e., for example, if there is a pending appeal from the state court judgment. *Audre* at 27. Moreover, the "Rooker–Feldman doctrine applies even where a state court judgment may be in error." *Audre* at 29, citing *In re Highway Truck Drivers and Helpers, Teamsters Local No. 107*, 100 B.R. 209, 216 (Bankr.E.D.Pa. 1989). The only exception to this bar is where the state proceedings were void ab initio. However, the concept of voidness is narrowly construed in this context. *Audre*, at 29, citing *In re James*, 940 F.2d 46, 52 (3rd Cir.1991).[2]

▬ In considering the application of these doctrines to an action to except a debt from an individual's discharge pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), it is helpful to consider such an action as comprised by two distinct claims: (1) whether the debtor owes a debt to the plaintiff and (2) whether the debt owed by the debtor to the plaintiff is nondischargeable. The res

**2.** At the hearing on January 4, 2001, Mannie contended that the Judgment is void in that the state court had no jurisdiction to grant it. However, he failed to articulate clearly the basis for this contention. Mannie appeared to contend that he was not a party to the state court action. However, if this is Mannie's contention, he failed to offer any evidence to

support it. To the contrary, the record includes a copy of the state court complaint which does name Mannie individually as a defendant. Clearly, a judgment is not void simply because, as Mannie contends (as discussed below), it is based on an erroneous view of the law.

judicata, collateral estoppel, and Rooker–Feldman doctrines may all apply to the first of these two claims. However, the res judicata and Rooker–Feldman doctrines may not apply to the second claim: i.e., whether the debt is nondischargeable. Such a claim does not exist until a bankruptcy case is filed. Therefore, the claim cannot have been determined in the prepetition state court action. In any event, a claim of this sort may only be filed in and determined by the bankruptcy court. 11 U.S.C. § 523(c); Fed. R. Bankr.Proc. 4007(c).

▮ On the other hand, collateral estoppel may apply to issues raised by the claim of nondischargeability and may compel a conclusion that the debt is nondischargeable. *Grogan v. Garner,* 498 U.S. 279, 284–85, 111 S.Ct. 654, 112 L.Ed.2d 755, n11 (1991). Moreover, under California law, even a default judgment may collaterally estop the redetermination of an issue in a subsequent action; for this purpose, the issues necessary to the determination of the default judgment are deemed to have been actually litigated.[3] Therefore, even a default judgment must be given collateral estoppel effect in a subsequent proceeding. *In re Nourbakhsh,* 67 F.3d 798, (9th Cir.1995)(applying Florida law); *In re Younie,* 211 B.R. 367, 375 (9th Cir. BAP 1997) *aff'd,* 163 F.3d 609 (1998).

**B. APPLICATION OF GENERAL PRINCIPLES TO THIS ADVERSARY PROCEEDING**

**1. Is There a Debt?**

▮ As discussed above, the doctrines of res judicata, collateral estoppel, and Rooker–Feldman all apply to the claim that Mannie owes a debt to Jorge in the amount stated in the Judgment. As recited above, four requirements must be met if res judicata is to be applied. Jorge has established that, here, each of these requirements has been met. Both actions involved the same claim: i.e., that Mannie owes a debt to Jorge for wrongful termination. The Judgment is final. Jorge and Mannie were both parties to the state court action and are parties to this adversary proceeding. Finally, the state court had jurisdiction to render the Judgment.

In his brief, Mannie appears to concede that the Court is bound by the doctrine of res judicata to find that the existence of the debt has been established. However, the only argument he makes in opposition to Jorge's motion for summary judgment is that holding him liable for such a debt is contrary to California law. He contends that he was not Jorge's employer, that Diamond was, and that only an employer may be liable for wrongful termination.[4]

On the other hand, the only case cited by Mannie in support of his opposition to Jorge's motion did not turn on whether there was a debt. In *In re Jercich,* 243 B.R. 747 (9th Cir. BAP 2000), an employee obtained a state court judgment against his employer for tortious breach of the contractual covenant of good faith and fair dealing based on the employer's failure to pay the employee his wages. When the employer filed for bankruptcy, the employee sought to have the state court judgment

---

**3.** In fact, the Judgment does not appear to be a default judgment. The Judgment recites that a trial was conducted. Mannie and Diamond simply failed to appear at trial. A judgment after trial is not a default judgment simply because the defendant fails to appear at trial. *Ringgold Corp. v. Worrall,* 880 F.2d 1138, 1141 (9th Cir.1989); *In re Brown,* 237 B.R. 740, 745 (Bankr.C.D.Cal.1999). (Mannie contends that his failure to appear at trial was inadvertent, that his attorney failed to advise him of the trial date. However, he does not appear to contend that the cause of his nonappearance should affect the outcome of this decision.)

**4.** The Court has not examined the authorities that Mannie cites to support this contention and will assume, for the purpose of this ruling, that Mannie is correct. However, as noted above, the Rooker–Feldman doctrine precludes this Court from reexamining the issue even if the determination by the state court was in error. *Audre, Inc. v. Casey,* 216 B.R. 19, 29 (9th Cir. BAP 1997).

446

declared non-dischargeable under § 523(a)(6).

■ The *Jercich* court concluded that the claim was dischargeable. It held that where the wrongful act "constitutes both a breach of contract and a tort, the debt resulting from that conduct does not fit within § 523(a)(6) unless the liability for tort is independent of the liability on the contract." *In re Jercich* at 751. Thus, the *Jercich* court did not determine that there was no debt, simply that the debt was based on the debtor's contractual liability and that this type of debt did not give rise to a nondischargeable claim under 11 U.S.C. § 523(a)(6). However, a claim for wrongful termination in violation of public policy is a tort claim that is independent of any liability on the employment contract. *See Macionski v. Alaska Airlines*, 1995 WL 406172, *4 (C.D.Cal.), citing *Koehrer v. Superior Court*, 181 Cal.App.3d 1155, 1166, 226 Cal.Rptr. 820 (1986).

Moreover, the day after the Court issued its original decision, the Ninth Circuit Court of Appeals reversed the Bankruptcy Appellate Panel decision in *Jercich* ("*Jercich I*"). *In re Jercich*, 01 C.D.O.S. 626 (9th Cir.2001)("*Jercich II*"). The *Jercich II* court noted that, in *In re Riso*, 978 F.2d 1151, 1154 (9th Cir.1992), it had held that " '[a]n intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful *tortious conduct.*' " The *Jercich II* court stated that, in *Jercich I*, the Bankruptcy Appellate Panel had imposed an additional requirement not justified by the language of § 523(a)(6): i.e., that the debtor's conduct would be tortious even if no contract existed. *Jercich II* at 627.

### 2. Is the Debt Nondischargeable?

■ A claim is nondischargeable under 11 U.S.C. § 523(a)(6) if it results from a "willful and malicious injury by the debtor to another entity or to property of another entity." The United States Su-

preme Court recently held that, to establish nondischargeability under this subsection, it is not sufficient that the debtor acted intentionally and that an injury was the result of that action. Rather, the debtor must have acted with the intention of harming the creditor. *Kawaauhau v. Geiger*, 523 U.S. 57, 60–61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Therefore, the only question before this Court is whether the Judgment establishes by means of the doctrine of collateral estoppel that Mannie acted intentionally and with the intent to injure Jorge and that his action caused Jorge's injury.

The Court concludes that it does. A judgment for wrongful termination contrary to public policy necessarily requires a finding that the defendant acted intentionally in terminating the plaintiff and that the termination caused the plaintiff's injury. The only issue subject to question is whether the state court determined that the defendant acted with malice: i.e., with the intent to harm the plaintiff. The Judgment makes it clear that it did.

As recited above, the Judgment awarded Jorge punitive damages against Mannie on the wrongful termination claim. Section 3294(a) of the California Civil Code provides as follows:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

" 'Malice' is defined as conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ.Code § 3294(c)(1).[5] In addition, as recited

5. Moreover, Cal. Civ.Code § 3294 requires the state court to make this finding based on

above, the Judgment expressly stated that Mannie's conduct was "malicious, carried out with a willful and conscious disregard of plaintiff's rights." No reasonable argument may be made under these facts that the doctrine of collateral estoppel does not apply to compel a holding that Mannie's debt to Jorge is nondischargeable under 11 U.S.C. § 523(a)(6).

## CONCLUSION

Res judicata and the Rooker–Feldman doctrine preclude this Court from determining that Mannie does not owe a debt to Jorge as reflected in the Judgment. Collateral estoppel compels the conclusion that the Judgment debt on the wrongful termination claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Consequently, Jorge's motion for summary judgment will be granted, and Mannie's cross-motion will be denied. Counsel for Jorge is directed to submit proposed forms of order and judgment in accordance with this decision.

Anticipating this decision, Mannie has stated his intention to return to state court to attempt to set the Judgment aside. If Mannie is successful in doing so, this decision and any order or judgment entered pursuant to it shall not be construed to create any independent liability that would survive the vacation of the Judgment.

clear and convincing evidence. By contrast, a preponderance of the evidence standard is sufficient for nondischargeability purposes.

See *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (decided under 11 U.S.C. § 523(a)(2)(A)).