United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 02-11200

---

In The Matter Of: GEOFFREY DEASY

Debtor

-------------------------------------------------------

NEEL COTTEN d/b/a Cotten Companies,

Appellant,

versus

GEOFFREY DEASY,

Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
(No. 3:02-CV-1017-P)

---

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Neel Cotten ("Cotten"), creditor of Geoffrey Deasy ("Deasy"), appeals the decision of the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

court affirming the bankruptcy court's judgment that Deasy's debt to Cotten is dischargeable in bankruptcy. Specifically, Cotten asserts the circumstances surrounding Deasy's breach of contract satisfy the "willful and malicious injury" exception to dischargeability. *See* 11 U.S.C. § 523(a)(6). We conclude Deasy's breach of contract did not cause a "willful and malicious injury." We AFFIRM the district court's judgment.

## I. FACTS AND PROCEEDINGS

Cotten, a licensed real estate broker, entered into a one-year exclusive listing agreement with Deasy and Charles Randall Goodman to sell certain commercial real estate. The contract was set to expire on January 30, 1986. The parties subsequently extended the agreement by three months, until April 30, 1986. The contract provided:

> If, during the term of this listing agreement, the property is sold, traded, exchanged, leased or in any manner voluntarily disposed of by Owner, Owner will pay Realtor . . . a commission in cash [of 5%].

On February 3, 1986, the sellers signed a contract of sale on the property which provided for closing to occur on May 1, 1986, one day after Cotten's listing ended. The sellers received $1,685,000 in cash for the property. Cotten learned of the sale on or about May 10, 1986, and eventually brought suit in Texas state court seeking the 5% commission. Cotten ultimately obtained a $146,336.34 judgment.

Deasy filed for bankruptcy on April 9, 2001. Deasy listed Cotten's unpaid judgment, then worth $305,569.32, as an undisputed, unsecured claim. Cotten filed a complaint to determine dischargeability, seeking to avoid discharge of Deasy's debt and arguing the debt "arose as a result of [Deasy's] willful and malicious injury to [Cotten]. . . ."

The bankruptcy court denied Cotten's claim and the district court affirmed.

2

## II. STANDARD OF REVIEW

In an appeal from a district court judgment following a bankruptcy court judgment, this Court performs the same appellate review as did the district court: we examine the bankruptcy court's findings of fact under the clearly erroneous standard and the legal determinations under the *de novo* standard. *In re Hanover Corp.*, 310 F.3d 796, 799 (5th Cir. 2002); FED. R. BANKR. P. 8013.

## III. DISCUSSION

Section 523(a)(6) of the Bankruptcy Code provides, in part:

> (a) A discharge under section 727, 1141,, [sic] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> . . .
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C.A. § 523 (West 1993). With regards to this provision, the Supreme Court explains: "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Further, *Kawaauhau* explicitly rejects a construction of "willful" under which a breach of contract could qualify, and notes: "[a] construction so broad would be incompatible with the 'well-known' guide that exceptions to discharge 'should be confined to those plainly expressed.'" *Id.* at 62 (internal quotations omitted); *see also In re Miller*, 156 F.3d 598, 602 (5th Cir. 1998). Cotten's bare breach of contract claim fails, as a matter of law, to establish that Deasy caused a "willful and malicious injury" for purposes of § 523(a)(6).

A number of courts recognize that an intentional breach of contract can be excepted from discharge under § 523(a)(6), but only when it is accompanied by malicious and willful tortious

conduct. *See In re Jercich*, 238 F.3d 1202, 1205 (9th Cir. 2001); *In re Riso*, 978 F.2d 1151, 1154 (9th Cir. 1992); *In re Smith*, 160 B.R. 551, 553 (N.D. Tex. 1993). Cotten fails to identify any tortious action by Deasy that caused a willful and malicious injury.

## IV. CONCLUSION

For the reasons stated, we AFFIRM the decision of the district court.