**In re John Kevin ELDER, Debtor,**

**Freda Edith Mermelstein, Appellee,**

v.

**John Kevin Elder, Esq., Appellant.**

No. 01–56078.

D.C. No. CV–00–00692–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2002.*

Decided June 25, 2002.

Before FERNANDEZ, WARDLAW,
and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

The bankruptcy court determined that John Kevin Elder was entitled to a discharge of Freda Mermelstein's judgment against him for committing the intentional torts of stalking and intentional infliction of emotional distress. The district court reversed the bankruptcy court and determined that Elder was not entitled to a discharge. *See Mermelstein v. Elder (In re Elder)*, 262 B.R. 799 (C.D.Cal.2001). Elder appealed.

We affirm the district court for the reasons set forth in its published opinion, which we adopt as our own. *Id.* We add that the award of punitive damages under California law means that Elder's behavior was found to be malicious or oppressive. That further demonstrates that his actions were willful and malicious. *See* 11 U.S.C.

§ 523(a)(6); *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207–08 (9th Cir.) *cert. denied*, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001); *Krishnamurthy v. Nimmagadda (In re Krishnamurthy)*, 209 B.R. 714, 721–22 (9th Cir.BAP 1997); *Newsom v. Moore (In re Moore)*, 186 B.R. 962, 972–73 (Bankr.N.D.Cal.1995).

AFFIRMED.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Of course, our affirming of the district court decision of necessity entails reversal of the bankruptcy court's order.