**In re Daniel Paul DEREBERY, Jr., Debtor.**

**Carl Brandstetter, Plaintiff,**

**v.**

**Daniel Paul Derebery, Jr., Defendant.**

**Bankruptcy No. RS 04–18812 MJ. Adversary No. RS 04–2076 MJ.**

United States Bankruptcy Court, C.D. California, Riverside Division.

May 5, 2005.

---

Robert L. Goodrich, Riverside, CA, Chapter 7 Trustee.

Daniel Paul Derebery Jr., Redlands, CA, pro se.

## MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MEREDITH A. JURY, Bankruptcy Judge.

The plaintiff's motion for summary judgment came on regularly for hearing on March 24, 2004, in Courtroom 302 of the above-entitled court, the Honorable Meredith A. Jury, presiding, with Reid & Hellyer by Mark Schnitzer appearing on behalf of plaintiff/movant and Pagter & Miller by R. Gibson Pagter appearing on behalf of defendant/respondent/debtor. The matter was argued and submitted for further briefing. The court having read and considered the further briefs, and good cause appearing therefor, issues the following Memorandum of Decision, which shall serve as the Court's Findings of Fact and Conclusions of Law, to the extent necessary to support a decision on a summary judgment motion.

## I.

### INTRODUCTION

Plaintiff's motion for summary judgment, relying on the principles of issue preclusion, seeks summary judgment against defendant/debtor Daniel Derebery based on a state court judgment after a jury trial. Plaintiff's argument rests on the jury's answer to a special verdict question that supported an award of punitive damages: "Do you find by clear and convincing evidence that the defendants acted with oppression or malice in the conduct on which you base your finding of liability for nuisance?" to which the jury answered: "Yes". Plaintiff asserts that this verdict answer renders plaintiff's judgment against Derebery non-dischargeable under the provisions of 11 U.S.C. § 523(a)(6). In essence, plaintiff asks this court to find under issue preclusion that an award of punitive damages—based on a finding under California Civil Code § 3294 that a defendant acted with oppression or malice—is sufficient for the debt to be non-dischargeable as one for "willful and malicious injury by debtor to another entity."

This court holds that under the principles enunciated in *In re Su,* 290 F.3d 1140 (9th Cir.2002), as it clarified the holding in *In re Jercich,* 238 F.3d 1202 (9th Cir.2001), a jury award of punitive damages based on action with oppression or malice is insufficient, standing alone, to support non-dischargeability under 523(a)(6).

## II.

## STATEMENT OF CASE [1]

On approximately February 15, 1996, plaintiff purchased property located at 32250 Circle Terrace Drive ("property") at a tax sale. At that time, Mary Stille ("Stille") was a tenant on the property. On May 1, 1997, plaintiff announced his ownership of the property to Stille and executed a new rental agreement with her. Defendant was the president of Holiday Retreats, Inc. ("Holiday"), the sole provider of water in the immediate locality of the property. Due to setback requirements and the position of the septic tank on the property, plaintiff could not dig his own well for the property. The only source of water for the property was the water source owned by Holiday. On approximately May 31, 1997, defendant discontinued the water service and capped the water pipe running to the property. As a result, Stille was forced to immediately move out, since there was no other water service available.

Holiday was the owner and controller of a water source supply identified in a contract entered into with the original owner of the water supply, Daniel Gerster ("Gerster contract"). The Gerster contract provided that the property would be supplied with water from Gerster's water supply for valuable consideration. Holiday was the successor to the Gerster contract as the owner of the water supply and therefore bound to supply water to the property. The Gerster contract, recorded November 20, 1925, created a license or profit to the benefit of the property in the water source now owned and controlled by Holiday. The Gerster contract created an easement of access to the water source, pertinent to the property.

Aggrieved by Holiday and defendant blocking access to the water source, on November, 2000, plaintiff filed, a complaint for declaratory relief, injunction, unfair business practices, breach of contract, and intentional interference with contractual relations ("complaint") in state court, Riverside Superior Court case no. RIC350482, against defendant and Holiday. After trial, on February 14, 2002, the Riverside Superior Court entered a judgment on jury verdict in favor of plaintiff for $200,000.00 against defendant ("judgment"). The judgment found that the defendant was liable for nuisance based on the jury's "yes" answer to special verdict Question No.7: "The defendant's act or failure to act, wrongfully interfered with the plaintiff's comfortable enjoyment of plaintiff's real property." The judgment also found, in the answer to the jury Question No. 9, that defendant acted with oppression or malice. The judgment held defendant and Holiday jointly and severally liable for the sum of $125,000.00 and awarded punitive damages against defendant in the sum of $75,000.00. Subsequent to entry of the judgment, the court also awarded plaintiff $64,065.77 in attorney fees and costs. Defendant's appeal of the judgment was upheld by the Court of Appeals on October 21, 2003.

On July 8, 2004, defendant filed a petition under Chapter 7 of the Bankruptcy Code. Plaintiff timely filed its adversary proceeding for non-dischargeability under 523(a)(6), leading to this motion for summary judgment.

### III.

### PLAINTIFF ASSERTS ISSUE PRECLUSION AS GROUNDS FOR

---

1. This summary of facts is taken from plaintiff's moving papers. Defendant did not challenge this summary for the purpose of the summary judgment motion.

### SUMMARY JUDGMENT [2]

█ Issue preclusion bars re-litigation of an issue decided previously in a judicial or administrative proceeding, provided that the party to whom the prior decision was rendered enjoyed a full and fair opportunity to litigate the issues in the earlier proceeding. *See, Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *In re Elder*, 262 B.R. 799, 806(C.D.Ca.2001). The principles of issue preclusion apply in dischargeability proceedings in bankruptcy. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Elder, supra* at 806. In determining the preclusive effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply the forum state's law of issue preclusion. *In re Nourbakhsh*, 67 F.3d 798, 800 (9th Cir.1995); *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir.1994).

█ Under California law, the application of issue preclusion requires that the following elements be met:

"(1) The issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding; (2) The issue must have been actually litigated in the former proceeding; (3) It must have been necessarily decided in the former proceeding; (4) The decision in the former proceeding must be final and on the merits; and (5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *In re Younie*, 211 B.R. 367, 373 (9th Cir. BAP 1997), affirmed, 163 F.3d 609 (9th Cir. 1998).

█ The party seeking to apply issue preclusion has the burden of proving that each element is satisfied. *In re Kelly*, 182 B.R., 255, 258 (9th Cir. BAP 1995). To sustain this burden, a party must introduce a record sufficient to reveal the controlling facts and the exact issues litigated in the prior action. Any reasonable doubt as to what was decided in the prior action will weigh against applying issue preclusion. *Kelly, supra* at 258.

In the instant case, plaintiff argues that the jury's answer to the special verdict question stated above meets all the elements of issue preclusion, asserting that the issue (§ 523(a)(6) non-dischargeability) for this court to decide was identical to an issue in the jury trial in the state court, that the issue was actually litigated and necessarily decided, that the decision was final, and that the defendant Derebery was the same party in the former proceeding. The last four criteria of the five part test are met in this case. However, this court finds that the jury decision that the defendant acted with oppression or malice is not identical to the issue required for finding non-dischargeability under § 523(a)(6), that the debtor caused a willful and malicious injury.

### IV.

### *A CALIFORNIA JURY FINDING THAT THE DEFENDANT ACTED WITH OPPRESSION OR MALICE IS NOT, ALONE, SUFFICIENT TO MEET THE STANDARD FOR NON-DISCHARGEABILITY UNDER § 523(a)(6)*

█ Section 523(a)(6) of the Bankruptcy Code provides:

---

**2.** Plaintiff's brief uses the old style term *collateral estoppel* as the basis for its summary judgment argument. Recent Ninth Circuit authority has discarded the terms *res judicata* and *collateral estoppel* and replaced them with the more modern terms *claim preclusion* and *issue preclusion,* which are the terms this court will adopt in issuing this Memorandum of Decision.

"A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

 The party seeking to establish non-dischargeability of the debt shoulders the burden of proof. *In re Hicks,* 184 B.R. 954, 959 (Bankr.C.D.Cal.1995). The burden of proof required for establishing an exception to discharge is a preponderance of evidence. *Grogan v. Garner, supra.* at 656–57, 111 S.Ct. 654.

The United States Supreme Court recently clarified the scope of "willful and malicious injury" in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In that case, a patient sued her doctor for malpractice and obtained a jury verdict of approximately $355,000.00 in damages. The doctor subsequently filed for bankruptcy, and the patient challenged the dischargeability of the damage award on the ground that under § 523(a)(6), a debt incurred for "willful and malicious injury" by the debtor cannot be discharged. The patient argued that the doctor "intentionally rendered inadequate medical care" to her and that it "necessarily led to her injury." *Geiger,* supra, at 61, 118 S.Ct. 974. The court, however, held that for a debt to be non-dischargeable, the party challenging the discharge must demonstrate that the debt was the result of an act involving an intentional or deliberate injury, not merely a reckless, deliberate, or intentional act that led to injury. *Geiger,* supra, at 61, 118 S.Ct. 974. It is not enough that the act itself was intentional. Rather, the act must have been carried out with the actual intent to cause injury. In reaching this conclusion, the court specifically indicated that this standard corresponds to the traditional category of intentional torts. *Geiger,* supra, at 61, 118 S.Ct. 974 (stating that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts' as distinguished from negligent or reckless torts").

Subsequent to the Supreme Court's ruling in *Geiger,* two Ninth Circuit cases have explicitly set the standard for non-dischargeability under § 523(a)(6). In *In re Jercich,* 238 F.3d 1202 (9th Cir.2001) the court stated that the proponent of a § 523 non-dischargeability action must establish both that the debtor acted willfully and that the debtor acted maliciously. In so holding, the court ruled that it is insufficient under § 523(a)(6) to show that the debtor acted willfully and that the injury was negligently or recklessly inflicted; instead, it must be shown not only that the debtor acted willfully but also that the debtor inflicted the injury willfully and maliciously rather than recklessly or negligently. *Jercich, supra,* The *Jercich* court went on to say "In *Geiger,* the court did not answer the question before us today— the precise state of mind required to satisfy § 523(a)(6)'s 'willful' standard." *Jercich, supra,* at 1207.

The Ninth Circuit answered this question, but implied that its answer was consistent with both Fifth and Sixth Circuit cases.[3] The Court defined the willful injury standard:

"We hold, consistent with the approaches taken by the Fifth and Sixth Circuits, that under *Geiger,* the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Jercich, supra,* at 1208.

3. *In re Markowitz* 190 F.3d 455 (6th Cir.1999) and *In re Miller* 156 F.3d 598 (5th Cir.1998).

The *Jercich* court then analyzed the separate standard of maliciousness:

"A 'malicious' injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. ...Moreover, Jercich's deliberate and willful failure to pay was found by the state trial court to constitute substantial oppression under California Civil Code § 3294, which by definition is 'despicable conduct that subjects a person to cruel and unjust hardship in conscience disregard of that person's rights.' We hold that these state court findings are sufficient to show that the injury inflicted by Jercich was malicious under § 523(a)(6)." *Jercich, supra,* at 1209.

*Jercich,* therefore, establishes that a state court finding of substantial oppression, one of the grounds for punitive damages under California Civil Code § 3294, is sufficient for the "malicious" element of § 523(a)(6). However, it does not establish the "willful" element.

■ The *Su* court clarified that the willful standard adopted in *Jercich* required a subjective intent to cause injury, relying on Restatement (Second) of Torts, section 8A (1964).

"Both parties agreed that a 'deliberate or intentional injury' is required for § 523(a)(6) to render a debt non-dischargeable. The question we must decide is the state of mind that is required to satisfy § 523(a)(6)'s willful injury requirement. According to the Restatement, an action is intentional if an actor subjectively 'desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it.' RESTATEMENT (SECOND) OF TORTS, § 8A (1964).

..."

The Sixth Circuit's interpretation of § 523(a)(6) exemplifies the strict subjective approach, in which a debt is non-dischargeable under § 523(a)(6) only if the debtor intended to cause harm or knew that harm was a substantially certain consequence of his or her behavior

. . .

Conversely, the Fifth Circuit's interpretation of § 523(a)(6) exemplifies the objective approach, in which debt is non-dischargeable under § 523(a)(6) either if there is a subjective intent to cause an injury or if there is an objective substantial certainty of harm.

. . .

While this difference between the objective approach taken by the Fifth Circuit and the subjective approach taken by the Sixth Circuit is evident from *In re Miller* and *In re Markowitz,* this difference has been overlooked by courts in the Ninth Circuit when evaluating § 523(a)(6) claims." *Su, supra,* at 1143–1144.

The *Su* court then held that to the extent the *Jercich* holding implied that either the subjective test of the Sixth Circuit or the objective test of the Fifth Circuit was sufficient to meet the standard, the Ninth Circuit test was the subjective intent to cause harm only, based on the Restatement:

"We believe, further, that failure to adhere strictly to the limitation expressly laid down by *In re Jercich* [subjective intent] will expand the scope of non-dischargeable debt under § 523(a)(6) far beyond what Congress intended. By its very terms, the objective standard disregards the particular debtor's state of mind and considers whether an objective, reasonable person would have known that the actions in question were substantially certain to injure the creditor. In its application, this standard

looks very much like the 'reckless disregard' standard used in negligence. (footnote omitted) That the Bankruptcy Code's legislative history makes it clear that Congress did not intend § 523(a)(6)'s willful injury requirement to be applied so as to render non-dischargeable any debt incurred by reckless behavior (footnote omitted), reinforces application of the subjective standard. The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s non-dischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain." *Su, supra,* at 1145–1146.[4]

█ The Ninth Circuit in *Su* reaffirms that the willful inquiry is separate and apart from the malicious inquiry and that both tests must be met.

In the instant case, the only jury finding which would support non-dischargeability under the willful and malicious standard—that defendant acted with oppression or malice—was taken from California Civil Code § 3294, which defines those terms:

"(c)(1) 'Malice' means conduct which is intended by defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscience disregard of the rights or safety of others.

(2) 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscience disregard of that person's rights."

In answering that jury question "yes", the jury could have found any one of three things:

(1) Defendant's conduct was intended to cause injury to plaintiff; or

(2) Defendant's conduct was despicable with a willful and conscience disregard of the rights or safety of others; or

(3) Defendant's conduct was despicable and subjected a person to cruel and unjust hardship in conscience disregard of that person's rights.

The first of these three options meets the willful standard set by *Su* and *Jercich.* Neither (2) or (3) meets the standard. Despicable conduct with a conscience disregard of the rights of others was the type of reckless behavior specifically found insufficient in *Su* and the definition of recklessness which *Su* quotes from the Restatement of Torts. Whether conduct is despicable is determined by an objective standard as defined in California Jury Instructions, Civil, Book of Approved Jury Instruction, 9th Ed., BAJI 14.72.1 as "Conduct which is so vile, base, contemptible, miserable, wretched, or loathsome that it would be looked upon and despised by ordinary decent people–an objective standard." Consequently, neither the jury's second nor third option met the subjective standard for willfulness required by *Su.* Therefore, neither of them compelled non-dischargeability under § 523(a)(6). Since this court is unable to know which of the three the jury found, issue preclusion must fail.

---

**4.** Recklessness is defined in the Restatement as follows: "Recklessness may consist of either of two different types of conduct. In one the actor knows, or has reason to know... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscience disregard of, or indifference to, that risk. In the other, the actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so. An objective standard is applied to him, and he is held to the realization of the aggravated risk which a reasonable man in his place would have, although he does not himself have it." Restatement (Second) of Torts, section 500 (1977).

■ Additionally, the underlying jury instructions in this case reflect that the type of conduct referred to in jury question number 9 might have been a failure to act rather than an intentional deliberate act as required by § 523(a)(6). Jury question number 7, which dealt with nuisance, read: "[D]id the defendant's act, or failure to act, wrongfully interfere with plaintiff's comfortable enjoyment of plaintiff's real property?" This is the conduct referred to in question number 9: "[D]o you find by clear and convincing evidence that the defendants acted with oppression or malice *in the conduct on which you base your finding of liability for nuisance?*" [emphasis added] Therefore, the jury's finding of oppression or malice may have been based on a failure to act, not intentional harm at all. Inaction may not be the basis for a finding of non-dischargeability based on willful conduct.

Plaintiff cites two cases which appear to be inconsistent with this court's interpretation of willful and malicious. *In re Krishnamurthy*, 209 B.R. 714 (9th Cir. BAP 1997) specifically concluded that punitive damages awarded under California law necessarily established that a jury found oppression, fraud or malice, satisfying the § 523(a)(6) standard. *Krishnamurthy* was decided prior to *Geiger* and prior to the *Su* and *Jercich* two-pronged test for § 523(a)(6). As a result, it did not address the subjective test for willfulness and is not viable precedent for this court's ruling.

The second case cited in the supplemental brief of plaintiff was an unpublished disposition from the Ninth Circuit *In re Elder*, 40 Fed.Appx. 576 (9th Cir.2002) which states that the award of punitive damages under California law meant that "defendant's behavior was found to be malicious or oppressive which further demonstrated that his actions were willful and malicious under § 523(a)(6)." Because this is an unpublished disposition and may not be cited to any court under the Ninth Circuit rules, this bald statement is made without underlying analysis. Moreover, *Elder* was affirmed by the Ninth Circuit on June 25, 2002, less than a month after the May 20, 2002, filing of the *Su* decision. It is apparent that the *Elder* panel was unaware of the *Su* published opinion.

Finally, plaintiff cites *Hangarter v. Provident Life and Accident Insurance Company*, 373 F.3d 998 (9th Cir.2004), a non-bankruptcy case, as support for its argument that the finding necessary for punitive damages was sufficient to support § 523(a)(6) non-dischargeability. Contrary to plaintiff's arguments, this court finds that the language in *Hangarter* supports only what must be found to award punitive damages under California law, insufficient to meet the federal standard:

"Finally, California courts have held that punitive damages are warranted where the cumulative evidence 'supports a finding of intent to injure, since evidence establishing 'conscience disregard of another's rights' is evidence indicating that the defendant was aware of the probably consequences of his or her acts and willfully and deliberately failed to avoid those consequences.' *Notrica v. State Comp. Ins. Fund*, 70 Cal.App.4th 911, 83 Cal.Rptr.2d 89" *Hangarter, supra*, at 1013.